■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered January 3, 1985, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the

defendant's omnibus motion which was to suppress certain statements.

Ordered that the judgment is affirmed.

The record of the *Huntley* hearing contains ample evidence to support the hearing court's determination that the defendant knowingly and voluntarily waived his *Miranda* rights. Therefore, the court's denial of the defendant's motion to suppress will not be disturbed (see, *People v Prochilo*, 41 NY2d 759).

The defendant and his codefendants, Darrin Henry and Lionel Eady, were tried jointly. Henry did not testify at the trial and the admission into evidence of his confession, which incriminated the defendant, constituted a violation of the defendant's right to confrontation (see, *Cruz v New York*, 481 US 186). However, because the evidence of the defendant's guilt, which included, *inter alia,* the defendant's confession and the trial testimony of the codefendant Lionel Eady, was overwhelming, we find that there is no reasonable possibility that the jury would have acquitted the defendant of either charge if Henry's confession had not been admitted into evidence. Therefore, the error was harmless beyond a reasonable doubt (see, *People v Crimmins*, 36 NY2d 230; *People v Henry*, 134 AD2d 370, *lv denied* 71 NY2d 897).

The sentence imposed was not excessive (see, *People v Suitte*, 90 AD2d 80).

We have considered the defendant's remaining contentions and find that they are without merit. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.